IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD W. DONNELLY, :
    Plaintiff :
:
  v. : 3:CV-08-1945
: (JUDGE VANASKIE)
O'MALLEY & LANGAN, P.C., SARA A. :
WALSH, MARY ANNE O. LUCAS, :
GERARD W. LANGAN, JR., THOMAS J. :
GILBRIDE, :
    Defendants :

## MEMORANDUM

Plaintiff Edward W. Donnelly, proceeding pro se, brings this action against the law firm and attorneys that represented him in a workers' compensation matter. Mr. Donnelly asserts Defendants breached their contract with him, and violated his right to privacy and other civil rights protected by the United States and Pennsylvania Constitutions. On January 14, 2009, Mr. Donnelly filed an Amended Complaint. (Dkt. Entry 29.) Presently before the Court is Defendants' Motion to Dismiss the Amended Complaint. (Dkt. Entry 30.) For the reasons set forth below, Defendants' Motion will be granted.[1]

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's electronic record and to authority cited herein have been created. No endorsement is intended by the insertion of hyperlinks to a particular provider of authority in electronic format. Also for convenience, references to the Amended Complaint and the parties' briefs will be to the document number and pagination generated by the electronic case filing system ("CM/ECF") listed at the top of each page of the documents filed by the parties, rather than to the exhibit number or deposition transcript used by the parties.

I. BACKGROUND

The Amended Complaint alleges that Mr. Donnelly contracted for legal services with O'Malley & Langan, P.C., and its attorneys (the "O'Malley Defendants") pursuant to a Contingency Fee Agreement.[2] (Am. Compl., Dkt. Entry 29, at 2.) It is alleged that the purpose of the contract for legal services was to represent Mr. Donnelly in Workers' Compensation Claim No. 3133868 before the Pennsylvania's Workers' Compensation Board against his employer, TRL, Inc. (Id. at 2 & 3.) The workers' compensation claim was resolved at a hearing on the record on July 12, 2007. (Hearing, Dkt. Entry 30-3, at 2.) At the hearing, Mr. Donnelly testified that he entered into a settlement agreement. (Id. at 8.) He accepted a lump-sum payment of $12,500, and expressed his understanding that he would not receive any more money from his employer or its insurance company. (Id. at 15-16, 18.)

Mr. Donnelly avers that the O'Malley Defendants failed to obtain critical pieces of evidence in connection with the workers' compensation proceeding in violation of the terms of the Contingency Fee Agreement. (Am. Compl., Dkt. Entry 29, at 2.) Specifically, Mr. Donnelly claims he told the O'Malley Defendants to not surrender his letter of resignation until the workers' compensation claim was completely resolved.[3] (Id.) Despite his request, the O'Malley

---

[2] Upon receiving the contract, Mr. Donnelly claims he signed it and returned it to the O'Malley Defendants. (Am. Compl., Dkt. Entry 29, at 2.)

[3] Mr. Donnelly states he repeated his request before he faxed the letter of resignation of July 12, 2007. (Am. Compl., Dkt. Entry 29, at 2.)

2

Defendants allegedly submitted the letter of resignation to his employer's attorney, William E. Wyatt, Esquire, prior to the settlement agreement being signed, thereby preventing the claim from being entirely resolved. (Id. at 2 & 6.)

According to Mr. Donnelly, he should have had twenty days to void the settlement agreement. (Id. at 3.) After the submission of the letter of resignation, however, Mr. Donnelly avers that he was forced to accept the agreement, and as a result, is currently unemployed. (Id.)

Mr. Donnelly alleges that he terminated his representation by the O'Malley Defendants because they were negligent in providing legal services and failed to enforce the settlement agreement. (Id.) It is additionally alleged that the O'Malley Defendants obstructed the settlement check in an attempt to secure their representation of the "Petition for Penalties" phase of the claim. (Id.) Mr. Donnelly further alleges that the O'Malley Defendants illegally opened the envelope that contained the settlement check even though it was clearly addressed to him. (Id.) In allegedly throwing away the envelope, the O'Malley Defendants are charged with having withheld evidence from the "Petition for Penalties" phase of the workers' compensation matter.[4] (Id. at 4.)

---

[4]It bears noting that on December 20, 2007, Workers' Compensation Judge Mark A. Peleak wrote Mr. Donnelly a letter dismissing Mr. Donnelly's Motion to Produce the Settlement Check. Judge Peleak wrote," I assume you had this check; that you endorsed and cashed it . . . ." (Dkt. Entry 29, at 90.) The record also contains a letter from O'Malley & Langan transmitting the settlement check to Plaintiff via certified mail. (Dkt. Entry 29, at 90-91.)

The Amended Complaint alleges that the O'Malley Defendants used the settlement check to secure more business and failed "to do all lawful acts" required by the contract. (Id.) The O'Malley Defendants are also alleged to have continued to discuss the Workers' Compensation matter with others without authorization, thereby violating attorney/client privilege and the Contingency Fee Agreement. (Id.)

Count I of the Amended Complaint, labeled section B, asserts a claim for invasion of privacy. (Id. at 5.) It is alleged that the O'Malley Defendants obtained medical records and copies of documents and transcripts from the Department of Labor and Industry without authorization. (Id.) It is also alleged that the O'Malley Defendants disseminated confidential records and work product, and discussed the workers' compensation matter without authorization. (Id.) Mr. Donnelly further claims that the O'Malley Defendants had illegal contact with the Workers' Compensation Judge regarding the settlement check. (Id. at 5 & 6.)

Mr. Donnelly further alleges that the O'Malley Defendants had illegal communications with Cynthia L. Pollick, Esquire, in September of 2007 and February of 2008, and convinced Attorney Pollick not to take his case. (Id. at 6.) It is further alleged that the O'Malley Defendants had continued improper contact with Attorney Wyatt. (Id.) Mr. Donnelly claims he asked Workers' Compensation Judge Peleak for an Order of Protection so that the O'Malley Defendants would not contact Attorney Wyatt, but his request was allegedly denied. (Id.)

The Amended Complaint accuses Attorney Wyatt and the O'Malley Defendants of

4

witness tampering.  (Id. at 6-7.)  Mr. Donnelly alleges that the O'Malley Defendants were motivated to tamper with witnesses because he did not hire them for the Petition for Penalties phase of the Workers' Compensation matter.  (Id.)

Count II (labeled Section C) alleges Defendants violated Mr. Donnelly's civil rights in violation of "the Pennsylvania Constitution, Declaration of Rights, Section 1."  (Id. 7-8.)  Mr. Donnelly alleges his right to gainful employment was denied when the O'Malley Defendants willfully submitted his letter of resignation.  (Id. at 8.)  This action by the O'Malley Defendants allegedly left Mr. Donnelly without employment, damaging his reputation and ability to obtain future employment.  (Id.)  It is further alleged that this action violated Mr. Donnelly's civil right to property, which left him homeless and unable to collect unemployment.  (Id.)

## II. DISCUSSION

### A. Standard of Review

In order to state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ---- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  In contrast, "[a] pleading that offers 'labels and conclusions' or 'a

5

formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal citations omitted).

The United States Supreme Court in Twombly enunciated a two-pronged approach to a motion to dismiss a complaint for failure to state a claim for relief. Iqbal,129 S. Ct. at 1950 (citing Twombly,550 U.S. at 555-56). First, the court identifies those allegations that "because they are no more than conclusions, are not entitled to the assumption of truth." Id. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. That is, the court must determine whether the factual allegations nudge the "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

B. Breach of Contract/Legal Malpractice Claim

Under Pennsylvania law, to succeed on a legal malpractice action, a plaintiff must establish the following three elements: "'(1) employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff.'" Nat'l Grange Mut. Ins. Co. v. Goldstein, Heslop, Steel, Clapper, Oswalt & Stoehr, 142 F. App'x 117, 120 (3d Cir. 2005) (citing Kituskie v. Corbman, 714 A .2d 1027, 1029 (Pa.1998)).

Pennsylvania Rule of Civil Procedure 1042.3 requires, in pertinent part, that:

6

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
>> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>>
>> . . . .
>>
>> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Failure to file a certificate of merit under Rule 1042.3(a) or a motion for extension under Rule 1042.3(d) is not fatal to a plaintiff's claim when the plaintiff demonstrates that his failure to comply is justified by a reasonable excuse. See Walsh v. Consolidated Design & Engineering, Inc., Civil Action No. 05-2001, 2007 WL 2844829, at *5 (E.D. Pa. Sept. 28, 2007) (citing Womer v. Hilliker, 908 A.2d 269, 279 (Pa. 2006)) ("Rule 1042.3 is subject to equitable considerations and a party who fails to timely file a certificate of merit may be relieved from the requirement where the defaulting party provides a reasonable explanation or legitimate excuse.") The certificate of merit requirement applies "regardless of whether the plaintiff styles the claim as a malpractice action or as one for fraud or breach of contract."[5] See Perez v. Griffin, Civil Action

---

[5]The allegations of the Amended Complaint center around alleged shortcomings in the O'Malley Defendants' representation of Mr. Donnelly in his workers' compensation claim, i.e., mishandling his resignation letter, acting with negligence, and failing to obtain critical evidence.

7

No. 1:06-CV-1468, 2008 WL 2383072, at *5 (M.D. Pa. June 9, 2008).

Our Court of Appeals has held that the certificate of merit requirement should be applied as substantive state law. Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007). When a plaintiff has failed to submit a certificate or merit or otherwise indicated that he has retained an expert witness, it is appropriate for a federal district court to dismiss his professional malpractice claim without prejudice. See Lopez v. Brady, Civil No. 4:CV-07-1126, 2008 WL 4415585, at *14 (M.D. Pa. Sept. 25, 2008) (dismissing FTCA medical malpractice claim without prejudice); Henderson v. Pollack, Civil No. 1:CV-07-1365, 2008 WL 282372, at *5 (M.D. Pa. Jan. 31, 2008) (dismissing state law medical malpractice claim); Hartman v. Low Sec. Correctional Ins. Allenwood, No. 4:CV-04-0209, 2005 WL 1259950, at *5 (M.D. Pa. May 27, 2005) (same). A pro se plaintiff is not exempt from the requirements of Rule 1042.3. Id.; see, e.g., Iwanejko, 249 F. App'x 940.

In this matter, Mr. Donnelly has failed to file a certificate of merit and has not requested more time within which to file one. Instead, he insists that he does not need a certificate of merit because he will produce a licenced professional at a later time. (Opp'n Br., Dkt. Entry 32, at 2.) But Rule 1042.3(a) requires him to file a certificate of merit within sixty days of the

---

Thus, whether categorized as a fraud, breach of contract, or attorney malpractice claim, a certificate of merit is required. See Pa. R.C.P.1042.3 (a certificate of merit is required in "any action based upon an allegation that a licensed professional deviated from an acceptable professional standard. . . .")

complaint, and this period has expired. In fact, since the filing of the Amended Complaint, over seven months have passed. A promise to produce a licenced professional does not satisfy the Rule 1042.3(a). Accordingly, Mr. Donnelly's claim that the O'Malley Defendants deviated from a professional standard of care will be dismissed, without prejudice.[6]

C. Invasion of Privacy Claim

The Supreme Court of Pennsylvania has adopted Sections 652B through 652E of the Restatement (Second) of Torts, which separates invasion of privacy into four distinct torts: intrusion upon seclusion; appropriation of name or likeness; publicity given to private life; and publicity placing person in false light. Fogel v. Forbes, Inc., 500 F. Supp. 1081, 1084 (E.D. Pa. 1980); Vogel v. W.T. Grant. Co., 327 A.2d 133 (1974); Fanelle v. LoJack Corp., 79 F. Supp. 2d 558, 563 (E.D. Pa. 2000). Each of these branches of the invasion of privacy claim will be assessed in the context of the averments of the Amended Complaint.

Defendants are not subject to liability for "intrusion upon seclusion" because it is not alleged that they invaded a private place. See Restatement (Second) of Torts § 652B cmt. c. (1977) ("The defendant is subject to liability under the rule stated in this Section only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff

---

[6]In his Amended Complaint, Mr. Donnelly also claims the O'Malley Defendants violated the Freedom of Information Act, 5 U.S.C. § 552. The Freedom of Information Act, however, applies to the disclosure of government records by agencies of the Federal Government, and is inapplicable to this matter.

9

has thrown about his person or affairs.") Likewise, Defendants cannot be liable for appropriating the name or likeness of Mr. Donnelly because it is not alleged that Defendants used Plaintiff's name or likeness for their own benefit. See Restatement (Second) of Torts § 652C (1977).

The elements of the tort of "publicity given to private life" are: "(1) giving publicity; (2) to private facts; (3) of a kind highly offensive to a reasonable person; and (4) which are not of legitimate concern to the public." Bowley v. City of Uniontown Police Dept., 404 F.3d 783, 788 (3d Cir. 2005) (citing Jenkins v. Bolla, 600 A.2d 1293, 1296 (Pa. Super. Ct. 1992)). Our Court of Appeals has enumerated a list of factors to be considered in determining whether a disclosure constitutes an actionable invasion of privacy:

> the type of record requested, the information it does or might contain, the potential for harm in any subsequent nonconsensual disclosure, the injury from disclosure to the relationship in which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access.

United States v. Westinghouse Elec. Corp., 638 F.2d 570, 578 (3d Cir. 1980).

The Restatement (Second) of Torts sets forth the tort of "publicity placing person in false light" as follows:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>
> (a) the false light in which the other was placed would be highly offensive to a

reasonable person, and

(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts § 652E (1977).

A review of the allegations in the Amended Complaint and the attached documents demonstrates that Mr. Donnelly has failed to allege an invasion of privacy claim under either "publicity placing person in false light" or "publicity given to private life." First, Plaintiff alleges that the O'Malley Defendants improperly obtained documents from the Department of Labor & Industry in connection with his workers' compensation claim. It is undisputed that the O'Malley Defendants represented Mr. Donnelly (see Dkt. Entry 30-4, at 13 ), which would have required review of such documentation.[7] Thus, this claim is without merit.

Next, Mr. Donnelly alleges that the O'Malley Defendants divulged information about his workers' compensation proceeding without authorization to Attorney Pollick, Judge Peleak, and Attorney Wyatt. Plaintiff relies on a letter between himself and Attorney Pollick as evidence that the O'Malley Defendants improperly communicated with Attorney Pollick. The letter, however, does not mention the O'Malley Defendants, or any communication made by them. Instead, the

---

[7] In his Opposition Brief, Mr. Donnelly also claims the O'Malley Defendants violated the law in obtaining transcripts from the workers' compensation hearing without his approval. (Br. Opp'n, Dkt. Entry 32, at 4.) The hearing transcript, however, is a matter of public record, and the O'Malley Defendants' acquisition of the transcript is not an invasion of Mr. Donnelly's privacy.

11

letter informs Mr. Donnelly that Attorney Pollick will not represent him in a potential claim.  (See Dkt. Entry 30-4, at 79 & 80.)

With respect to Attorney Wyatt and Judge Peleak, Mr. Donnelly relies on Exhibits 19 and 20 of the Amended Complaint.  Exhibit 19 of the Amended Complaint is a letter from Attorney Wyatt to Judge Peleak containing a letter from Mr. Donnelly, to be marked as an exhibit in the workers' compensation action.  (Dkt. Entry 30-4, at 96.)  Exhibit 21 is a letter from Judge Peleak responding to Mr. Donnelly's letters and motions.  (Dkt. Entry 29, at 99.)  These communications are not improper, nor can they form a basis for a claim of "publicity placing person in false light" or "publicity given to private life."

To the extent Mr. Donnelly alleges the O'Malley Defendants shared information with others, there is no factual basis for such allegations in the Amended Complaint.  See Iqbal, 129 S. Ct. at 1949 (a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement.") (internal citations omitted).  Therefore, because Mr. Donnelly's allegations are not grounded in sufficient facts to show that any private facts were disseminated publically, or that he was placed in false light, his invasion of privacy claims will be dismissed.

D.  Violation of Civil Rights Claim

Mr. Donnelly claims his civil rights were violated.  To the extent Mr. Donnelly alleges a violation of his federally protected civil rights, his claim will be construed as a claim under 42 § U.S.C. 1983.  As in all § 1983 claims, Mr. Donnelly is required to allege the violation of a right

12

secured by the Constitution or laws of the United States committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  "The deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person who may fairly be said to be a state actor."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  Moreover, it is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs."  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003).

The O'Malley Defendants are not "Officers of the Court in Commonwealth of Pennsylvania," as suggested by Mr. Donnelly (see Br. Opp'n, Dkt. Entry 32, at 5), but attorneys practicing in a private law firm.  (See Dkt. Entry 30-4, at 13 & 15.)  A private law firm is not considered a state actor.  Martin v. Pachulski, Stang, Ziehl, Young & Jones, P.C., 551 F. Supp. 2d 322, 328-39 (D. Del. 2008) (defendant private law firm not a state actor).  Moreover, "the acts of an attorney in representing or in failing to represent a client are not acts committed under color of state law as is required to state a claim under Section 1983."  Ross v. McElhenney, Civil Action No. 07-1022, 2007 WL 2702701, at *3 (W.D. Pa. Sept. 13, 2007); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (a private party is converted into a state actor only where "he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.").  Due to the lack of

13

factually based allegations that the O'Malley Defendants acted under color of state law, Mr. Donnelly's civil rights claim will be dismissed.  See Iqbal,129 S. Ct. at 1950 (only "[w]hen there are well-pleaded factual allegations [should] a court [ ] assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

Lastly, Mr. Donnelly asserts that the O'Malley Defendants violated Article I, § 1, of the Declaration of Rights of the Pennsylvania Constitution, which provides:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Although the Pennsylvania Constitution can provide greater protection of rights than the United States Constitution, Pennsylvania Courts have consistently held "that the Pennsylvania Constitution's Declaration of Rights is a limit on our state government's general power." Western Pennsylvania Socialist Workers 1982 Campaign v. Connecticut, 515 A.2d 1331, 1335 (Pa. 1986) (emphasis added).  Moreover, courts "have treated Article 1, § 1 of the Pennsylvania Constitution similar to the Fourteenth Amendment of the United States Constitution, see, e.g., Nixon v. Commonwealth, Department of Public Welfare, 839 A.2d 277, 286 (2003), which requires state action.  In addition, Plaintiff has not cited any authority showing that the Declaration of Rights applies to hold private entities or individuals liable for conduct that does not involve state action.  Accordingly, Mr. Donnelly has failed to state a clam under the Pennsylvania Constitution's Article 1, § 1.

III. CONCLUSION

    For the reasons set forth above, Defendants' Motion to Dismiss will be granted.[8]  An appropriate order follows.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

---

[8] Plaintiff has filed a number of motions for various forms of relief – Motion for Writ of Mandamus (Dkt. Entry 34), Motion for Discovery (Dkt. Entry 46), Motions for Contempt (Dkt. Entries 48 and 49), Motion for Consideration (Dkt. Entry 52), and Motion for Directed Verdict (Dkt. Entry 66) – that concern the certificate of merit requirement and the fact that the O'Malley Defendants obtained the transcript of the July, 2007 workers' compensation proceeding. Plaintiff's motions are patently without merit.  Indeed, adjudication of his claim with respect to the transcript is obviated because he attached it to his amended complaint, a publicly accessible document.  Accordingly, the motions will be denied.

15

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD W. DONNELLY, | : | |
|     Plaintiff | : | |
| | : | |
|   v. | : | 3:CV-08-1945 |
| | : | (JUDGE VANASKIE) |
| O'MALLEY & LAGAN, P.C., SARA A. | : | |
| WALSH, MARY ANNE O. LUCAS, | : | |
| GERARD W. LANGAN, JR., THOMAS J. | : | |
| GILBRIDE, | : | |
|     Defendants | : | |

ORDER

NOW, THIS 2nd DAY OF OCTOBER, 2009, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED THAT:

1. The O'Malley Defendants' Motion to Dismiss (Dkt. Entry 30) is GRANTED.

2. All pending motions filed by Plaintiff (Motion for Writ of Mandamus (Dkt. Entry 34), Motion for Discovery (Dkt. Entry 46), Motions for Contempt (Dkt. Entries 48[9] and 49), Motion for Consideration (Dkt. Entry 52), and Motion for Directed Verdict (Dkt. Entry 66) ) are DENIED.

3. The Clerk of Court is directed to mark this matter CLOSED.

                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge

---

[9] Docket Entry 48 is actually captioned "Motion for More Definitive Statement," but docketed as a motion for contempt.